This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.                                                                          NO. 31,112

**LOUIS REED,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SANDOVAL COUNTY**
**George P. Eichwald, District Judge**

Gary K. King, Attorney General
Ann M. Harvey, Assistant Attorney General
Santa Fe, NM

for Appellant

Jacqueline L. Cooper, Acting Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellee

<b>MEMORANDUM OPINION</b>

**VANZI, Judge.**

The State of New Mexico appeals the district court's grant of Defendant Louis Reed's motion to suppress evidence. This Court's first notice of proposed summary disposition proposed to reverse. After Defendant filed a persuasive memorandum in opposition, we filed a second notice, proposing to affirm. The State filed a memorandum in opposition to proposed summary affirmance, which we have given due consideration. Unpersuaded, we affirm the district court's grant of Defendant's motion to suppress evidence.

**Issue:** The State asks whether it was reasonable in the circumstances for a police officer to stop and pat down Defendant, in the course of which the officer discovered methamphetamine. The State's memorandum in opposition argues that both the investigatory detention of Defendant and the subsequent protective frisk were proper. We agree with the State that the circumstances in which the officer encountered Defendant—at around 3:00 a.m. in the vicinity of a report of a suspicious person, and generally matching the description of the reported person [MIO 2-3]— justified an investigatory detention under our case law. *See, e.g.*, *State v. Watley*, 109 N.M. 619, 624, 788 P.2d 375, 380 (Ct. App. 1989) (approving late-night investigatory stop in the general vicinity of a crime even though the defendant was of a different ethnicity than that reported and was sitting in a truck rather than walking).

We disagree with the State, however, regarding the subsequent search of Defendant. Applying the standard of review where we consider "whether the law was correctly applied to the facts, viewing them in a manner most favorable to the prevailing party," *State v. Jason L.*, 2000-NMSC-018, ¶ 10, 129 N.M. 119, 2 P.3d 856 (internal quotation marks and citation omitted), we disagree with the State's argument that the officer had "a sufficient degree of articulable suspicion that [Defendant was] both armed and presently dangerous." *State v. Vandenberg*, 2003-NMSC-030, ¶ 22, 134 N.M. 566, 81 P.3d 19 (emphasis omitted).

Although Defendant's behavior was somewhat odd in the manner he approached the patrol car and in initially placing the items in his hands on the ground instead of on the hood of the patrol car as instructed, [MIO 3] we do not see anything suggesting that he might have been armed and presently dangerous. We note that any apprehension that the officer initially might have had about the items in Defendant's hands had been dispelled at the time he conducted the pat-down. We also note that no specific crime had been reported, only a suspicious person who might have been trespassing on private property. [MIO 2-3] In these circumstances, where subtleties of the facts as viewed by the district court, including the officer's credibility, were potentially dispositive of the outcome, we conclude that "viewing [the facts] in a manner most favorable to the prevailing party," and where "[a]ll reasonable inferences

3

in support of the district court's decision will be indulged in, and all inferences or evidence to the contrary will be disregarded," affirmance of the district court is required. *Jason L.*, 2000- NMSC-018, ¶ 10 (alteration, internal quotation marks, and citation omitted).

For the reasons stated above, we affirm the district court.

**IT IS SO ORDERED.**

_____
**LINDA M. VANZI, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**RODERICK T. KENNEDY, Judge**